IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | Criminal Case No.: GJH-13-008 |
| | | Civil Case No.: GJH-18-597 |
| **VALENTINA ELEBESUNU,** | * | |
| Defendant/Petitioner. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Petitioner Valentina Elebesunu was sentenced to 105 months of imprisonment after a jury found her guilty of two counts of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a). ECF Nos. 175, 190. Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 220.[1] No hearing is necessary to resolve the Motion. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is denied.

**I. BACKGROUND**

On January 3, 2013, Petitioner was charged by Criminal Complaint with bank robbery in violation of 18 U.S.C. § 2113 and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. ECF No. 9. On July 17, 2013, a grand jury for the District of Maryland returned a three count Superseding Indictment against Petitioner and five codefendants charging each with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) in Counts I and II and use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c). ECF No. 63. On July 18, 2013, Petitioner was arraigned and

---

[1] Also pending is Petitioner's Motion for Extension of Time to Respond. ECF No. 233. This Motion is granted.

1

entered a plea of not guilty to all three counts in the Superseding Indictment. ECF No. 69. On May 5, 2015, the Court granted the Government's Motion to Dismiss Count III of the Superseding Indictment as to the Petitioner. ECF Nos. 164, 165. Petitioner's trial was scheduled for May 12, 2015 before the undersigned judge. ECF No. 165.

After a five-day trial, the jury convicted Petitioner on Counts I and II of the Superseding Indictment on May 19, 2015. ECF No. 175. On August 25, 2015, the Court sentenced Petitioner to 105 months of imprisonment. ECF No. 190. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on February 7, 2017. ECF No. 215. On February 27, 2018, Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 220. The Government filed a response on September 14, 2018, ECF No. 232, and Petitioner filed a reply on December 6, 2018, ECF No. 234.

## II.   STANDARD OF REVIEW

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

Petitioner contends that she is entitled to relief under § 2255 because she received ineffective assistance of counsel at trial. Under the Sixth Amendment to the United States

2

Constitution, a criminal defendant has the right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). To be entitled to relief on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and (2) prejudice resulted from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). A "deficient performance" is one that falls below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 687–88, such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Those errors are prejudicial where "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the presumption that the challenged action falls within "the wide range of reasonable professional assistance." *Id.* at 689.

### III. DISCUSSION

Petitioner raises four bases for her ineffective assistance of counsel claim, but none provide a sufficient basis for granting her Motion to Vacate, Set Aside, or Correct Sentence. First, she contends that her counsel failed to object to the Government's introduction of evidence of Petitioner's participation in a previous bank robbery in 2007. This failure to object was not constitutionally unreasonable because Petitioner cannot show by a preponderance of the evidence that the prior bad act evidence would not have been admitted had counsel objected. Indeed, as the Court suggested at trial, the evidence was admissible under Federal Rule of

3

Evidence 404(b), *see* ECF No. 211 at 70,[2] and on appeal, the Fourth Circuit found no plain error in its admission, *United States v. Elebesunu*, 677 F. App'x 862, 869 (4th Cir. 2017).

Moreover, even if counsel's failure to object was deficient, that deficiency was not prejudicial. As an initial matter, as previously indicated, the Court would have admitted the evidence over a defense objection. Second, the Court cured any prejudice caused by the prior bad act evidence with a limiting instruction that the jury was not to view the evidence that Petitioner had previously participated in a bank robbery as evidence of her guilt in the instant case, ECF No. 211 at 189; *see United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995) (stating that "cautionary or limiting instructions generally obviate any … prejudice, particularly if the danger of prejudice is slight in view of the overwhelming evidence of guilt" (internal citation and quotation marks omitted)). Petitioner has also made no nonconclusory argument that the outcome of her trial would have been different had counsel objected to the prior bad act evidence, stating only that there was a "reasonable probability" that it would have been. ECF No. 234 at 2. Thus, Petitioner cannot prove by a preponderance of evidence that her counsel was constitutionally ineffective by failing to object to the introduction of the prior bad act evidence.[3]

Next, Petitioner contends that her counsel failed to call two witnesses who would have rebutted the prior bad act evidence of her participation in the 2007 bank robbery. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Petitioner makes two related arguments. First, she complains that the Government failed to give proper notice of the prior bad act evidence by filing a motion pursuant to Federal Rule of Evidence 404(b). Petitioner fails to explain why this error was prejudicial to the outcome of the trial, so it is not a proper ground for finding constitutionally ineffective assistance of counsel. Second, Petitioner contends that she was disadvantaged on appeal by her counsel's failure to object during trial because had counsel objected, the trial judge's decision to admit the evidence would have been reviewed for abuse of discretion instead of plain error. Whether a criminal defendant was disadvantaged on appeal is not the relevant standard under *Strickland*, and regardless, Petitioner has not explained how the Fourth Circuit's decision would have been different under an abuse of discretion standard.

virtually unchallengeable." *Strickland*, 466 U.S. at 690. "Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance." *Everage v. Wright*, No. 1:13cv510 (JCC/JFA), 2014 WL 4471443, at *12 (E.D. Va. Sept. 9, 2014) (citing *Jones v. Barnes*, 463 U.S. 745, 808 (1983)); *see also United States v. Dyess*, 730 F.3d 354, 364 (4th Cir. 2013) (stating that courts will "give counsel wide latitude in determining which witnesses to call as part of their trial strategy").

Here, Petitioner's counsel decided to rebut the prior bad act evidence through Petitioner's testimony rather than by calling two additional witnesses. *See* ECF No. 211 at 13–14. It was objectively reasonable for counsel to decide against calling additional witnesses so as to avoid the risk of drawing "undue attention to such [prior bad act] evidence." *Barbre v. McBride*, No. 5:04CV53, 2005 WL 6128996, at *8 (W.D. W.Va. Sept. 28, 2005); *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (stating that "'the decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford … enormous deference'" (quoting *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994)). Moreover, Petitioner has made no argument as to how a different strategic choice would have changed the outcome of the proceeding. Thus, Plaintiff cannot prove by a preponderance of the evidence that her counsel was constitutionally ineffective by failing to call two rebuttal witnesses in response to the prior bad act evidence.

Petitioner also contends that counsel failed to properly impeach Damione Lewis, one of the Government's witnesses and Petitioner's alleged coconspirators, in order to highlight that that Mr. Lewis gained his knowledge of the relevant security systems from his previous employment at Dunbar Armored Inc. ("Dunbar"), the armored car company that was robbed,

5

rather than from Petitioner. Contrary to Petitioner's assertion, however, her counsel did cross-examine Mr. Lewis about his employment history with Dunbar, *see* ECF No. 210 at 20–23, 33, 51, and Petitioner's argument that her counsel should have done a more thorough cross-examination does not make that cross-examination constitutionally unreasonable. Thus, Plaintiff cannot prove by a preponderance of the evidence that her counsel was constitutionally ineffective by failing to impeach Mr. Lewis.

Finally, Petitioner contends that counsel was ineffective by failing to rebut evidence from Mr. Lewis that Petitioner was the bank teller, instead of the manager, during the 2007 robbery and by failing to highlight that Genet Bekele was actually the teller during the 2007 robbery and was employed by the bank during the robbery at issue in the present case. Although "defense counsel ordinarily has a duty to investigate possible methods for impeaching prosecution witnesses," *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986), counsel is not deficient where he fails to utilize the exact method of impeachment suggested by a defendant, *see Tucker v. Ozmint*, 350 F.3d 433, 445 (4th Cir. 2003) (finding that counsel did not act unreasonably by failing to question a medical doctor about his questionable professional status, emphasizing that "counsel *did* attempt to impeach [the witness's] expert testimony by establishing that his testimony was purely speculative" (emphasis in original)); *Koon v. Rushton*, 364 F. App'x 22, 28 (4th Cir. 2010) (rejecting defendant's argument that counsel was ineffective by failing to impeach a witness with evidence that he had twice been convicted of giving false statements to police because "[t]he defendant had the articulable strategy of showing that [the witness] was a chronic drunk and thus his recollection of events was unreliable").

Here, Petitioner's counsel impeached Mr. Lewis by showing that at the time he gave his statement to authorities regarding Petitioner, he was facing various federal charges; highlighting

that he faced a mandatory minimum sentence of seven years before he began cooperating with the Government; emphasizing that charges were dropped after Mr. Lewis made statements about Petitioner's involvement in the robbery; questioning Mr. Lewis about promises the Government had made to him before he made the incriminating statements about Petitioner; and highlighting that Mr. Lewis had originally lied when he first met with federal agents regarding the robbery. *See* ECF No. 210 at 10, 12–14, 16, 18, 30–31. Counsel thus acted reasonably by repeatedly raising the inference that Mr. Lewis's testimony was false.

Moreover, once again, Petitioner has failed to explain how any errors by her counsel were prejudicial, stating only that had her counsel corrected Mr. Lewis' testimony about her being the teller in 2007 rather than the manager, it "would have disproven Mr. Lewis' claims, and supported [Petitioner's] own testimony." ECF No. 234 at 8. She makes no argument as to the relevance of evidence that Ms. Bekele was the actual teller in 2007 and was employed by the bank during the robbery at issue in this case. She has therefore not met her burden to show that the likelihood of a different result, but for her counsel's errors, was "substantial" rather than "just conceivable." *See Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). Thus, Petitioner has failed to prove by a preponderance of evidence that her counsel was constitutionally ineffective by failing to rebut Mr. Lewis's testimony or introduce evidence regarding Ms. Bekele's employment.

Each of the four bases offered by Petitioner in support of her ineffective assistance of counsel claim lack merit, so Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Order shall issue.

Date: <u>March    27, 2020</u>         /s/_____
                                        GEORGE J. HAZEL
                                        United States District Judge