IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Criminal Case No.: GJH-13-008** |
| **VALENTINA ELEBESUNU,** | * | |
|     **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Defendant Valentina Elebesunu is currently serving a 105-month sentence at FDC-Philadelphia, a Bureau of Prisons ("BOP") facility, after a jury found her guilty of one count of interference with interstate commerce by robbery and one count of conspiracy to interfere with interstate commerce by robbery, both in violation of 18 U.S.C. § 1951(a). Pending before the Court is Ms. Elebesunu's Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Release"). ECF No. 243. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Ms. Elebesunu's Motion for Release is denied.

**I.   BACKGROUND**

On July 17, 2013, a grand jury for the District of Maryland returned a three count Second Superseding Indictment against Ms. Elebesunu and five codefendants charging them with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) in Count One, interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) in Count Two, and use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c) in Count Three. ECF No. 63. On July 18, 2013, Ms. Elebesunu was arraigned and entered a plea of not guilty to all three counts in the Second

Superseding Indictment. ECF No. 69. On May 5, 2015, the Court granted the Government's Motion to Dismiss Count Three of the Second Superseding Indictment. ECF Nos. 164, 165. A trial was scheduled for May 12, 2015 on the remaining counts. ECF No. 165.

After a five-day trial, the jury convicted Ms. Elebesunu on Counts One and Two of the Second Superseding Indictment. ECF No. 175. The evidence admitted at trial demonstrated that Ms. Elebesunu was a bank branch manager who orchestrated the armed robbery of an armored truck that was leaving her bank after picking up a large amount of money. *See* ECF No. 182. Ms. Elebesunu convinced the bank's security guard to go along with her plan, and the security guard then recruited the people who committed the robbery while brandishing firearms in front of the bank during business hours. *See id.* The robbery resulted in the bank losing more than $270,000. *See id.*

On August 25, 2015, the Court sentenced Ms. Elebesunu to 105 months of imprisonment. ECF No. 190. Ms. Elebesunu appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on February 7, 2017. ECF No. 215. On May 27, 2020, Ms. Elebesunu filed the pending Motion for Release in light of the COVID-19 pandemic. ECF No. 243. The Government filed a response on June 8, 2020. ECF No. 246. Ms. Elebesunu has not filed a reply. On June 26, 2020, the Court ordered the parties to supplement the record by providing, under seal, a copy of Ms. Elebesunu's medical records. ECF No. 248. The medical records were submitted by joint submission on June 29, 2020. ECF Nos. 249, 250.

## II.      DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Ms. Elebesunu requests that her sentence be modified to home confinement to be followed by three years of supervised release because she has medical conditions, including diabetes and high blood pressure, that make her vulnerable to

the COVID-19 virus. Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). This general rule is subject to certain exceptions, including the compassionate release provision, which allows courts to consider reducing a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a defendant has exhausted her administrative remedies, a court "may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* "The defendant generally bears the burden of establishing that a sentence reduction is warranted." *United States v. Barringer*, No. PJM-13-129, 2020 WL 2557035, at *2 (D. Md. May 19, 2020).

Ms. Elebesunu states, and the Government does not dispute, that she requested consideration for compassionate release by letter to the warden of FDC-Philadelphia on April 8, 2020. ECF No. 243 ¶ 3. The warden denied the request, *see id.*, and Ms. Elebesunu filed the pending Motion on May 27, 2020, more than thirty days after the warden received her initial request. She has therefore satisfied the statutory administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

But even though Ms. Elebesunu's diabetes and high blood pressure might increase her risk of contracting a severe case of COVID-19, *see People Who Need to Take Extra Precautions: People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND

PREVENTION (June 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, she has not established that "extraordinary and compelling reasons" justify her early release. First, there are currently only three positive cases at FDC-Philadelphia, and one inmate and three staff members who previously tested positive have since recovered. *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS (July 1, 2020), https://www.bop.gov/coronavirus/. These numbers have remained relatively constant during the pendency of Ms. Elebesunu's Motion, and seem even less dramatic than the spread of the disease in the population at large, and the Court's review of BOP's COVID-19 response plan reveals a comprehensive and evolving effort to curtail the virus and protect both inmates and staff. Under circumstances such as these where the number of cases at the facility is low and BOP appears to have controlled the spread, the imminence of the risk to Ms. Elebesunu is diminished and weighs against granting compassionate release. *See United States v. Wright*, Nos. TDC-17-388, TDC-19-35, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (stating that the fact that there were no COVID-19 cases at the defendant's BOP facility "reduce[d] the imminence of the risk to [her]").

The Court's consideration of the factors in 18 U.S.C. § 3553(a) also weighs against granting compassionate release. The Court vividly recalls this defendant, her trial, and the sentencing. Ms. Elebesunu presented as a relatively sympathetic defendant. She did not possess a firearm herself and the motivation for her participation in the offense appears to have been an acute need for financial resources driven in large part by her ongoing care for a child with special needs. The fact that she has been compliant while in BOP custody and has accrued certain privileges is completely unsurprising given her steady employment as a bank manager prior to her arrest. But these factors were considered at the time of sentencing. Ms. Elebesunu's original 105-month sentence balanced the purposes of sentencing and reflected the nature and

circumstances of the violent armed robbery that she orchestrated, as well as her personal history and characteristics. In fact, the original sentence was already below the applicable sentencing guidelines range, and the Court finds that, even given her compliance with BOP rules and regulations while incarcerated, it would be inappropriate and inconsistent with the purposes of sentencing to release Ms. Elebesunu after serving less than 60 months of her sentence, in light of her critical role in initiating the armed robbery plot and aiding the plot by providing the armed robbers with information they needed to make the plot successful.

Accordingly, Ms. Elebesunu's Motion for Release is denied.

### III.    CONCLUSION

For the foregoing reasons, Ms. Elebesunu's Motion for Release, ECF No. 243, is **DENIED**.


Date: July    7, 2020                         __/a/_____
                                              GEORGE J. HAZEL
                                              United States District Judge